(September 19, 1938.)

TWELFTH ASSEMBLY DISTRICT REGULAR DEMOCRATIC ORGANIZATION OF KINGS COUNTY, INC., and JAMES W. FEELY, Respondents, v. BART L. STAFFORD, Appellant.— Order affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur.

(September 30, 1938.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH A. FIRPO, Appellant, v. LEONARD THORNE, as Warden of the Nassau County Jail, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

## THIRD DEPARTMENT, MARCH, 1935.
(March 20, 1935.)

FRANK DEGREGORIO and Another, Appellants, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— The defendant issued its policy of life insurance on February 18, 1932, covering the life of an infant seventeen years old. She died April 26, 1933. Her parents were the beneficiaries named in the policy. By the application for the policy it was represented that the insured was in good health and had not been attended by a physician during the five years then last past; that she had not had consumption, or any serious illness. The defense was that the insured had consumption, and was being treated therefor at the time the policy was issued, and that such disease continued and ultimately caused her death. The proofs of death indicated that the deceased died of tuberculosis, the medical testimony differing as to the period the disease continued, viz., from a period of days to the entire life of the policy. The policy was sought by the insurance company's agent, who saw the deceased frequently, and who regarded her as a good risk. The parents testified that the deceased had not been attended by a physician, and had not been sick during a period of five years before the application was delivered. A physician testified that she was suffering from tuberculosis when the policy was issued, and was treated by him therefor before that time. The proofs of death contain evidence that the deceased died of tuberculosis and that she had suffered from that disease from a time prior to the issue of the policy. These proofs were obtained and presented by the insurance company's agent and not by the plaintiffs. The beneficiaries were unable to read or write the English language and spoke it with difficulty. Upon all the evidence an issue of fact was presented. Judgment reversed, on the law and facts, and new trial granted, with costs to the appellants to abide the event. Hill, P. J., McNamee and Bliss, JJ., concur; Rhodes and Crapser, JJ., dissent and vote to affirm the judgment on the grounds that under the proofs of loss submitted it is absolutely established that false representations were made in the application, in that it was therein stated that deceased had not had consumption.