Appeal by the defendant from a judgment of the County Court of Albany County, affirming a judgment of the City Court of Albany in favor of the plaintiff upon a life insurance policy. The insured was an infant close to the age of fifteen years at the time she applied for the policy. Defendant raised an affirmative defense to the effect that the insured made false answers with regard to her medical history on her written application for the policy. No medical examination was had and the policy was issued on her written application alone. The only issue, within the affirmative defense pleaded, that was submitted to the jury was whether the insured knew that she had heart trouble at the time she signed the application or prior thereto. The other issues as to misrepresentations were apparently eliminated by the trial court on the ground that the proof failed to disclose that they were material under the Insurance Law (§ 149). We think the evidence sustains the trial court’s view as to those matters. The defendant had the burden to establish knowledge of a heart condition on the part of the insured. To do so it relied upon the testimony of one physician and the inferences that might be drawn therefrom. The parents of the insured testified to other facts and circumstances- that tended to negative a conclusion of knowledge that might be found directly, or inferred from the physician’s testimony. His credibility was involved (Ward v. N. Y. Life Ins. Co., 225 N. Y, 314). A question of fact was presented for the jury to pass upon (Langer v. Metropolitan Life Ins. Co., 290 N. Y. 601; DeGregorio v. Metropolitan Life Ins. Co., 255 App. Div. 725). The case has been tried twice upon substantially the same issue. Judgment and order affirmed, with costs; All concur. . [See post, p. 944.]